Dimitar Jekov GUENEV, Petitioner,

v.

John ASHCROFT, Attorney General,* Respondent.

---

* We sua sponte amend the caption to reflect that Attorney General John Ashcroft is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

Larissa G. GUENEVA, Petitioner,

v.

John Ashcroft, Attorney General, Respondent.

Nos. 02–70816, 02–74025.

Agency No. A70–701–519, A73–413–555.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2004.**

Decided June 24, 2004.

---

Larissa G. Gueneva, Everett, WA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, WWS-District Counsel, Immigration and Naturalization Service, Seattle, WA, Michele Y.F. Sarko, Attorney, Allen W. Hausman, Attorney, U.S. Department of Justice, Washington, DC, for Respondent.

Before HALL, LEAVY and FISHER, Circuit Judges.

### MEMORANDUM ***

Dimitar Jekov Guenev and Larissa G. Gueneva, natives and citizens of Bulgaria and Russia, respectively, petition pro se for review of the Board of Immigration Appeals' ("BIA") summary affirmances of an Immigration Judges' ("IJ") denials of their applications for asylum and withholding of removal. We have jurisdiction pursuant to former 8 U.S.C. § 1105a(a), *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), and we deny the petition for review.

■ Substantial evidence supports the IJs' findings in each case that Guenev and Gueneva have failed to establish persecution or a well-founded fear of persecution on account of an enumerated ground. *See*

\*\*\* This panel unanimously finds this case suitable for decision without oral argument. *See*

*Melkonian v. Ashcroft*, 320 F.3d 1061, 1066 (9th Cir.2003).

■ By failing to qualify for asylum, Guenev necessarily fails to satisfy the more stringent standard for withholding of deportation. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003). The IJ in Gueneva's case granted withholding of deportation to Bulgaria, but ordered her deported to Russia if she fails to voluntarily depart. By failing to qualify for asylum, Guenev fails to satisfy the more stringent standard for withholding of deportation to Russia. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897 (9th Cir.2004) (order), petitioner's voluntary departure period will begin to run upon issuance of this court's mandate.

PETITIONS FOR REVIEW DENIED. Petitioners' motion to consolidate filed December 18, 2002 is DENIED as moot.